### BENJAMIN F. BROWN vs. HENRY D. GILMAN.

Suffolk.　March 28, 1874.　AMES & DEVENS, JJ., absent.

By the 28th rule of this court a petition to prove exceptions under the Gen. Sts. c. 115, § 11, must be filed in this court within twenty days after the party seeking to establish the truth of his exceptions has had notice of the refusal of the judge to allow them.

Where a verdict was rendered for the plaintiff at September term, 1872, exceptions filed by defendant in due season at that term, time extended for filing amended exceptions, judgment on the verdict September term, 1873, of which the defendant had notice, and the court adjourned without day October 10, 1873, without any further order being made in the case, the exceptions disallowed February 14, 1874, and the petition to prove the exceptions filed in this court February 25, 1874. *Held,* that the twenty days began to run at least from October 10, 1873, and that the petition was filed too late.

PETITION to prove exceptions under the Gen. Sts. c. 115, § 11. The petitioner was the defendant in the case of *Gilman* v. *Brown,* tried in the Superior Court, Norfolk County, at September term, 1872, before *Lord,* J. The docket entries showed that a verdict was entered for the plaintiff September 25, 1872, that the defendant filed exceptions September 28, that the court adjourned without day October 2, and that during the term the following entry was made: "Time extended for filing amended exceptions;" that at September term, 1873, of said court, judgment was ordered on the verdict, and that the court adjourned without day October 10. The following was indorsed on the bill of exceptions: "Disallowed, Otis P. Lord. This entry is made February 14, 1874." "Filed February 21, 1874." The petition to prove the exceptions was filed in this court February 25, 1874, and it was admitted that the petitioner had complied with the formal requirements of the twenty-eighth rule of this court.

*R. Lund & S. W. Harmon,* for the petitioner. The exceptions sought to be proved are the same filed at September term, 1872. The presiding judge objected to some statements therein, and the exceptions were amended and presented to him, and we were unable to get him to either allow them or disallow them until February 14, 1874.

*W. Colburn,* for the defendant.

GRAY, C. J. The statute provides that "if the justice disallows or fails to sign and return the exceptions, or alters any

statement therein, and either party is aggrieved, the truth of the exceptions presented may be established before the Supreme Judicial Court upon petition." Gen. Sts. *c.* 115, § 11. The twenty-eighth rule of this court requires that the petition shall be filed " within twenty days after notice of such refusal." Taking the most favorable view for the petitioner, it is clear that he fails to bring himself within the rule. Even if the judge before whom the case was tried in the court below did not fail to sign and return the exceptions before September term, 1873, it is clear that as at that term a final judgment was entered for the plaintiff, with the knowledge of the other party, as he admits, and no continuance entered for any purpose, there was then a failure to sign and return the exceptions, and the petitioner should have filed his petition within twenty days after that term.

*Petition dismissed.*